STATE OF KANSAS, *Appellee,* v. SEAN TERRENCE DECOURCY and KENNETH GENE CARR, *Appellants.*

AND

No. 49,487

STATE OF KANSAS, *Appellant,* v. STEVEN RAY MOULSON, *Appellee.*

(580 P.2d 86)

Opinion filed June 10, 1978.

*David K. Martin,* of Payne and Jones, Chartered, of Olathe, argued the cause and was on the brief for the appellant DeCourcy in Case No. 49,381.

*Phillip A. Miller,* of McCaffree and Grimshaw, Chartered, of Olathe, argued the cause, and *William Grimshaw,* of the same firm, was with him on the brief for the appellant Carr in Case No. 49,381.

*Ernest C. Ballweg,* of Prairie Village, argued the cause and was on the brief for the appellee in Case No. 49,487.

*Michael B. Buser,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for the State in both cases.

The opinion of the court was delivered by

PRAGER, J.: This case involved appeals in two criminal actions which were consolidated in this court and argued together. They concern the same basic legal issues—the constitutionality and interpretation of the mandatory sentencing statute (K.S.A. 1976 Supp. 21-4618). We shall consider each appeal separately.

## DeCourcy and Carr

In case No. 49,381 the defendants, Sean Terrence DeCourcy and Kenneth Eugene Carr, have appealed from sentences imposed on convictions of robbery (K.S.A. 21-3426). In the district court, both defendants entered pleas of not guilty, stipulated as to the facts of the robbery, and were found guilty by the trial court on the basis of the stipulation. The stipulated facts showed that on April 7, 1977, the defendants, DeCourcy and Carr, entered a tavern in Johnson County, Kansas, played pool, and drank beer for approximately one hour. While in the tavern, the defendants discussed robbing the place. DeCourcy informed Carr that he had a rifle. DeCourcy then left the tavern and returned with a .22-caliber rifle to be used during the robbery. DeCourcy concealed the rifle under his full-length coat. After further discussion between the defendants, DeCourcy approached the manager of the tavern, exhibited the firearm, and announced that a robbery was in progress. DeCourcy and Carr then obtained money from the cash register. The manager was ordered to lie facedown on the floor. DeCourcy and Carr then fled the tavern in an automobile and went to Carr's house, where Carr placed the rifle in a crawl space underneath his house. It was stipulated that, although the holdup was a joint enterprise between DeCourcy and Carr, only DeCourcy had possession of a firearm during the commission of the offense. Following their convictions, each of the defendants made application for probation. On July 14, 1977, the defendants appeared before the trial court for sentencing. The state requested that the court impose the mandatory minimum sentence pursuant to K.S.A. 1976 Supp. 21-4618. The district court denied the defendants' application for probation without a hearing, holding that a mandatory minimum sentence was required to be served under K.S.A. 1976 Supp. 21-4618. The defendants have appealed. They do not challenge the validity of their convictions but attack

the imposition of a mandatory minimum sentence under K.S.A. 1976 Supp. 21-4618 and the summary denial of their applications for probation.

Both DeCourcy and Carr challenge the constitutionality of K.S.A. 1976 Supp. 21-4618 on the grounds that the statute denies them equal protection of the law under the Kansas and the United States Constitutions. This same constitutional issue was raised and determined adversely to the position of these defendants in *State v. Freeman,* 223 Kan. 362, 368, 574 P.2d 950 (1978) and *State v. Stuart and Jones,* 223 Kan. 600, 575 P.2d 559 (1978). We adhere to our decisions in those cases and, therefore, find this point to be without merit.

Defendant DeCourcy also challenges the constitutionality of K.S.A. 1976 Supp. 21-4618 as a violation of his constitutional right to due process of law under the United States Constitution. In *Freeman* we addressed this same basic issue and upheld the statute. In the opinion we stated that the fixing and prescribing of penalties for violating the criminal statutes of this state is a legislative function. We further held that the deterrence of the use of guns in committing crimes against persons (Article 34 crimes) is a legitimate governmental interest and the imposition of a mandatory minimum sentence bears a rational relationship to that goal. On this appeal the defendant DeCourcy argues that due process of law was violated since he was not afforded a probation hearing prior to the imposition of sentence. Probation is a matter of legislative grace and is granted as a privilege, not as a fundamental right. (*Thomas v. United States,* 327 F.2d 795 [10th Cir.], *cert. den.* 377 U.S. 1000, 12 L.Ed.2d 1051, 84 S.Ct. 1936 [1964].) Of course, once probation has been granted, it may not be revoked without notice to the probationer and an opportunity to be heard. (K.S.A. 22-3716.) Under K.S.A. 1976 Supp. 21-4618, the serving of the minimum statutory sentence is mandatory upon a finding by the sentencing court that a firearm was used in the commission of an Article 34 offense. Here the district court was without authority to grant probation. Since the defendant DeCourcy had no right to probation in this case, it was not a violation of due process of law for the district court to deny him a hearing on his application for probation.

Defendant DeCourcy next maintains that the trial court erred in finding that he had *used* a firearm in the commission of the

robbery within the meaning of K.S.A. 1976 Supp. 21-4618. De-Courcy argues that although he had possession of a firearm and exhibited it to the manager of the tavern, he never pointed the gun at the manager, never fired it, and had no intention of hurting anyone. Hence, he concludes that the gun was not "used" within the meaning of 21-4618. The statute, by its express language, prohibits the granting of probation to any defendant convicted of an Article 34 crime in which the "defendant used any firearm in the commission thereof." In our judgment, for the statute to be applicable, the state must establish, and the sentencing court must find, that the firearm was an instrumentality of the crime. In a robbery case, the statute requires proof that the firearm was used as an instrument of force to overcome the will of the victim, resulting in the transfer of possession of property from the victim to the robber. Under the facts of this case, the exhibition of the firearm to the manager of the tavern, coupled with a demand for money, constituted a use of the firearm in the commission of the robbery. Under the circumstances, K.S.A. 1976 Supp. 21-4618 was clearly applicable. The trial court properly denied probation to DeCourcy and imposed the mandatory minimum sentence for robbery as required by K.S.A. 1976 Supp. 21-4618.

The defendant Carr contends that he cannot be sentenced under K.S.A. 1976 Supp. 21-4618 because he was an unarmed accomplice and did not personally use the firearm in the com-mission of the crime. This undisputed fact is contained in the stipulation of facts provided by the parties. This exact point was raised and determined by this court in *State v. Stuart and Jones,* supra, which holds that K.S.A. 1976 Supp. 21-4618 applies only to a defendant personally armed with a firearm at the time the crime was committed and does not apply to an unarmed accom-plice. In view of our decision in that case, the defendant Carr was entitled to have a hearing before the sentencing court denied his application for probation.

For the reasons set forth above, the sentence imposed by the district court on the conviction of defendant Sean Terrence De-Courcy is affirmed. The sentence of defendant Kenneth Eugene Carr is vacated and the case is remanded to the district court for a hearing on that defendant's application for probation.

## Steven Ray Moulson

Case No. 49,487, the second of the consolidated cases, is a

direct appeal by the State of Kansas following the conviction of the defendant, Steven Ray Moulson, on two counts of robbery under K.S.A. 21-3426. After a presentence investigation, the defendant was sentenced on each count to a minimum of one year and a maximum of twenty years with the sentences to run concurrently. Defendant Moulson then made application for probation. The state opposed the granting of probation on the basis that the granting of probation to the defendant Moulson was prohibited under the mandatory sentencing provisions of K.S.A. 1976 Supp. 21-4618, since there was a stipulation by the parties that a firearm was used by the defendant in the commission of both of the robberies. Counsel for defendant Moulson challenged the constitutionality of 21-4618 on the grounds that the statute denied him equal protection of the law and provided for cruel and unusual punishment. Stated simply, it was the position of Moulson that the statute is unconstitutional because it denies to a sentencing court the power to take into consideration any mitigating circumstances in the case, including the past good conduct and tender age of the defendant. He argued that for many years the Kansas law has supported a philosophy which emphasizes the rehabilitation of persons convicted of crime as opposed to strict punishment. He maintained that K.S.A. 1976 Supp. 21-4618 ignores rehabilitation in certain cases where it can be shown that more efficient and effective means of rehabilitation are available to a convicted offender outside the penal system. Following a hearing on the defendant Moulson's application for probation, the district court declared K.S.A. 1976 Supp. 21-4618 unconstitutional and granted the defendant a five-year probation. The state appealed from the judgment of the trial court holding the statute unconstitutional and granting probation to the defendant.

The contention that K.S.A. 1976 Supp. 21-4618 violates the constitutional right to equal protection of the law was determined adversely to the position of the defendant Moulson in *State v. Freeman,* supra. We find that case to be controlling on the equal protection issue.

In this case, in support of the ruling of the trial court, the defendant cites *Furman v. Georgia,* 408 U.S. 238, 33 L.Ed.2d 346, 92 S.Ct. 2726 (1971), *reh. den.* 409 U.S. 902, 34 L.Ed.2d 164, 93 S.Ct. 89 (1972) and *Roberts v. Louisiana,* 431 U.S. 633, 52

L.Ed.2d 637, 97 S.Ct. 1993 (1977). Both *Furman* and *Roberts* involved constitutional challenges to state capital punishment statutes. In our judgment, those cases are not applicable to cases involving minimum sentencing statutes such as K.S.A. 1976 Supp. 21-4618. In *State v. Freeman,* supra, we discussed, in depth, 21-4618 and its relation to the constitutional provisions proscribing cruel and unusual punishment. We upheld the statute. We pointed out, after discussing *Furman,* that the concept of cruel and unusual punishment is not rigid but acquires meaning from the evolving standards of decency which mark the progress of a maturing society. In *Furman* and again in *Roberts,* it was the method of punishment, the taking of a defendant's life, that was being considered. In our judgment, the basic issue raised by Moulson on this appeal, attacking 21-4618 on the basis that it constitutes cruel and unusual punishment, was determined adversely to his position by our decision in *State v. Freeman,* supra. We therefore reject Moulson's constitutional attack on the statute as being without merit. Defendant Moulson raises other issues which were not raised or determined in the trial court nor have they been briefed by the state. Under the circumstances, those issues are not properly before us in this case.

For the reasons set forth above, the judgment of the district court granting probation to the defendant Moulson is vacated and the case is remanded to the district court with directions to the district court to order execution of the minimum statutory sentence heretofore imposed by the district court on September 2, 1977.