(604 P.2d 756)

No. 50,941

STATE OF KANSAS, *Appellee*, v. KENNETH H. CHANCE, JR., *Appellant.*

Opinion filed January 11, 1980.

*John Ivan,* of Shawnee Mission, for the appellant.

*Michael D. Reed,* assistant district attorney, *Dennis W. Moore,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: Following trial to the court defendant was found guilty of a violation of K.S.A. 1978 Supp. 21-3612, which provides:

"(1)  Contributing to a child's misconduct or deprivation is causing or encouraging a child under eighteen (18) years of age:

"(*a*)  To become a delinquent, miscreant, wayward or deprived child or a traffic offender or truant, as defined by K.S.A. 1978 Supp. 38-802, and any amendments thereto; or

"(*b*)  to commit an act which, if committed by an adult, would be a felony or misdemeanor.

"Contributing to a child's misconduct or deprivation is a class A misdemeanor,

except that if the defendant caused or encouraged the child to be a delinquent child or to commit an act which, if committed by an adult, would be a felony, the offense is a class E felony.

"(2)   A person may be found guilty of this section even though no prosecution of the child, whose misconduct or deprivation the defendant caused or encouraged, has been commenced pursuant to the juvenile code or code of criminal procedure.

"(3)   This section shall be a part of and supplemental to the Kansas criminal code."

On appeal defendant challenges the constitutionality of the statute as being vague and indefinite and the sufficiency of the evidence, and contends error in the denial of his motion for new trial on grounds of newly discovered evidence. Having reviewed the record, we are convinced the dispositive issue is the lack of sufficient evidence to sustain the conviction.

Defendant was charged with having unlawfully, knowingly and willfully encouraged a child under the age of eighteen years, Kimberly Sue Rinehart, to become a wayward child as defined by K.S.A. 1978 Supp. 38-802. The record consists only of the State's evidence, which reveals that Kimberly left her home on October 26, 1978, following an argument with her mother, Patricia Sharp, occasioned by Kimberly's having skipped school. On November 10, 1978, Detective Sergeant Lamon went to defendant's residence in the city of Shawnee in Johnson County after receiving a telephone call from Mrs. Sharp advising him that some of Kimberly's clothes had been seen at defendant's residence.

Detective Lamon testified that defendant's house was a smaller house located behind a larger house. As the officer approached the smaller house, defendant came out the back door of the larger house. Detective Lamon testified he advised defendant that he was looking for Kimberly, to which defendant replied, "Well, I haven't seen her but if I do, you'll be the first one to know." Detective Lamon walked to the smaller house, looked in the door which was ajar, and observed Kimberly reclining "on a bed or a pallet or something in the middle of the floor." At this point, defendant closed the door and demanded a search warrant. Detective Lamon advised defendant that, if Kimberly was in the house, defendant would be arrested. Defendant inquired, "What if she is in there? If I turn her over to you, what will happen to me?" Detective Lamon replied they would talk about that later. He and defendant then went into the house and defendant told

Kimberly, "You're caught." Kimberly picked up her coat and was taken into custody. On cross-examination, Detective Lamon stated Kimberly was fully clothed when he walked in and that two other persons were also present in the house. He testified he had no evidence or personal knowledge that Kimberly was staying at defendant's house.

Kimberly testified she had been at defendant's house four or five times, always with friends and once when defendant was not present. She usually stayed only a couple of hours and had never stayed overnight. She kept her extra clothing at Shawnee Recreation behind a wall and changed clothes whenever she could, including a couple of times at defendant's house. Kimberly stated that defendant washed her clothes "a couple times." She did not see defendant actually wash them but saw him take them into the house. Kimberly testified she had tea or water at defendant's house but had never eaten there. She bought food with her birthday money which she had in her possession and did most of her sleeping during the day at Shawnee Recreation. She stated she told defendant and a lot of other people she had run away from her mother. Kimberly testified that when Detective Lamon arrived she was half sitting, half lying down, but was not asleep. When asked whether she was trying to sleep, she answered: "Kind of. I was just kind of wondering what was going on, you know, just listening to the conversations. I was sort of sleeping and sort of not." She indicated she had been at defendant's house only a half hour before the police arrived. When Kimberly was asked whether defendant had encouraged her not to return to her home, her answer was "No."

Defendant was found guilty as charged, *i.e.*, of encouraging Kimberly to become a wayward child as defined by K.S.A. 1978 Supp. 38-802, which provides in relevant part:

"(d) 'Wayward child' means a child less than eighteen (18) years of age:
"(1) Whose behavior is injurious to his or her welfare;
"(2) who has deserted his or her home without good or sufficient cause."

In rendering judgment of conviction, the court found that Kimberly had run away and deserted her home without good and sufficient cause on or about October 26, 1978, and that she was under the age of eighteen years. The court also noted that Kimberly was at defendant's residence on or about November 10, 1978; that defendant denied knowing anything of her where-

abouts; and that defendant had cleaned and washed clothes for Kimberly and knew that she was a runaway. The trial court concluded defendant did in fact encourage Kimberly "to become, and continue to be, a wayward child," as alleged in the information.

In a criminal action where defendant contends the evidence at trial was not sufficient to sustain a conviction, the standard of review on appeal is whether the evidence when viewed in the light most favorable to the prosecution is such as will convince the appellate court that a rational fact finder could have found the defendant guilty beyond a reasonable doubt. *State v. Voiles,* 226 Kan. 469, 601 P.2d 1121 (1979).

Applying this standard, we find that Kimberly left her home on October 26, 1978. There is evidence to support a finding that her doing so was without good or sufficient cause. Whether the act of leaving constituted behavior injurious to her welfare or whether she had in fact deserted her home is not made clear by the evidence. These are conclusions to be drawn only if it may be assumed that her leaving in and of itself was an act injurious to her welfare, and that remaining away from her home for the period of her absence constituted desertion of her home. Recognizing that the trial judge had the opportunity to hear the testimony and observe the conduct of the witnesses, these are conclusions which might reasonably have been reached. However, it is abundantly clear that Kimberly, if in fact she was a wayward child, became such on October 26, 1978. There is nothing as shown by this record to indicate that defendant encouraged Kimberly to leave or desert her home on that date. There is evidence that defendant was aware Kimberly had run away from her home but not that he was aware of her reasons for doing so. It is apparent that defendant provided Kimberly with aid and assistance on several occasions after she left home by permitting her to seek shelter at his house, to change clothes there, and even by washing some of her clothes for her. However, such conduct simply does not fall within the purview of the statute.

K.S.A. 1978 Supp. 21-3612 under which defendant was convicted is a penal statute which must be strictly construed in favor of persons sought to be subjected to its operation. This means simply that ordinary words are to be given their ordinary meaning and the statute is not to be read so as to add to or subtract from

that which is readily found therein. *State v. Floyd,* 218 Kan. 764, 544 P.2d 1380 (1976); *State v. Bishop,* 215 Kan. 481, 524 P.2d 712 (1974). The clear language of this statute requires that an accused encourage a child "to become" wayward, not "to become or to remain" so. The statute does not make it a criminal act to provide aid and assistance to a child under eighteen years of age even though it is known that such child is a runaway from home and perhaps is a wayward child. Had the legislature intended to make such conduct a criminal offense, it would have so provided. When a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, 573 P.2d 1073 (1978); *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, 557 P.2d 1286 (1976).

From this record we conclude there is not sufficient evidence to sustain defendant's conviction. Having so found, it is unnecessary to consider other points on appeal.

The judgment of the district court is reversed and this case is remanded with directions to discharge the defendant.