(636 P.2d 187)
No. 52,773

RODNEY SUTTON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Petition for review denied January 15, 1982.

Opinion filed November 13, 1981.

*Lisa Nathanson* and *Michael D. Gibbens,* of Legal Services for Prisoners, Inc., of Lansing, and *Carl Wagner,* legal intern, Kansas Defender Project, of Lawrence, for the appellant.

*Perry Warren,* assistant county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L. McLAUGHLIN, District Judge Retired, assigned.

HERD, J.: On August 12, 1978, Rodney Sutton, along with three others, abducted a man at a Goodland rest area. During a scuffle with the victim, Sutton's gun discharged twice, one shot grazing the victim's cheek and ear lobe. The victim escaped.

Sutton was later picked up in Las Vegas, Nevada. On August 31, 1978, he was charged in Sherman County District Court with aggravated kidnapping (K.S.A. 21-3421) and aggravated robbery (K.S.A. 21-3427). He was sixteen years old at the time.

On October 27, 1978, as a result of plea bargaining, the county attorney amended the information to charge Sutton with attempted murder pursuant to K.S.A. 21-3301 and K.S.A. 21-3401. Sutton pleaded guilty to the amended information.

On December 21, 1978, Sutton was sentenced to four to twenty years as provided by K.S.A. 21-4501(c). Judge Burr found the crime involved would fall under K.S.A. 1977 Supp. 21-4618, thereby creating a mandatory term of imprisonment of four years before Sutton would become eligible for parole.

Sutton brought this action under K.S.A. 60-1507, seeking to modify the sentence. A hearing was held on October 24, 1980, and Judge Burr denied the motion. Sutton filed this appeal.

At the time of Sutton's sentencing, K.S.A. 1977 Supp. 21-4618 provided in pertinent part:

"Probation shall not be granted to any defendant who is convicted of the

commission of any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime."

The crime of murder is set out in K.S.A. 21-3401. Attempts are defined in K.S.A. 21-3301(1):

"An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime."

Appellant argues that since only *murder* is defined in K.S.A. 21-3401, the crime of *attempted murder* is not "set out in article 34 of chapter 21 of the Kansas Statutes Annotated." K.S.A. 1977 Supp. 21-4618. We agree.

The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *City of Salina v. Jaggers,* 228 Kan. 155, 169, 612 P.2d 618 (1980); *Johnson v. McArthur,* 226 Kan. 128, 135, 596 P.2d 148 (1979); *State v. Dumler,* 221 Kan. 386, 389, 559 P.2d 798 (1977). When a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *State v. Chance,* 4 Kan. App. 2d 283, 287, 604 P.2d 756 (1980). Additionally, criminal statutes must be strictly construed against the State and in favor of the defendant. *State v. Stuart & Jones,* 223 Kan. 600, 607, 575 P.2d 559 (1978).

A synthesis of the foregoing rules leads us inevitably to our conclusion. First, the question of whether attempted murder should be covered by K.S.A. 1977 Supp. 21-4618 is not before us. Our task is only to determine whether the statute does in fact apply to the crime involved in the case at bar. We hold K.S.A. 1977 Supp. 21-4618 is plain and unambiguous. The intent of the legislature expressed therein is for that statute to apply only to article 34 crimes. Attempted murder is simply not an article 34 crime. Therefore, we hold K.S.A. 1977 Supp. 21-4618 was not applicable to attempts. Appellant's sentence is so modified.