No. 53,901

STATE OF KANSAS, *Appellee,* v. CHARLES B. SMITH, *Appellant.*

(654 P.2d 929)

Opinion filed December 3, 1982.

*Barry L. Arbuckle,* of Arst & Arbuckle, of Wichita, was on the brief for the appellant.

*Cris Senseman,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Charles B. Smith appeals his jury trial convictions of aggravated burglary (K.S.A. 21-3716), attempted aggravated robbery (K.S.A. 21-3301, K.S.A. 21-3427), aggravated battery (K.S.A. 21-3414), and kidnapping (K.S.A. 21-3420). All convictions arise from the events occurring during the late evening of May 19, 1981, at the residence of the Jamie Coulter family in Wichita. Additional facts will be supplied as needed for determination of particular issues.

The first issue is whether the trial court erred in sentencing

defendant under K.S.A. 21-4618 for attempted aggravated robbery.

K.S.A. 21-4618(1) provides:

"Probation or suspension of sentence shall not be granted to any defendant who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime."

The crime of aggravated robbery is set forth in K.S.A. 21-3427. The statute defining attempted crimes and the penalties therefor is K.S.A. 21-3301 which provides in relevant part:

"(1) An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime.

.   .   .   .

"(3) An attempt to commit a class A felony is a class B felony. An attempt to commit a class B felony is a class C felony. An attempt to commit a class C felony is a class D felony. An attempt to commit a class D or E felony is a class E felony."

The mandatory sentencing statute (K.S.A. 21-4618) by its clear language is limited to article 34 crimes and certain sex crimes. Aggravated robbery is an article 34 crime, but "attempts" are defined by article 33. Therefore the question becomes whether attempted aggravated robbery is a chapter 34 crime within the meaning of K.S.A. 21-4618.

The issue is one of first impression before this court. However, a similar challenge to mandatory sentencing for an attempted crime was recently considered by the Court of Appeals in *Sutton v. State,* 6 Kan. App. 2d 831, 636 P.2d 187 (1981), *rev. denied* 230 Kan. 819 (1982). The crime in *Sutton* was attempted murder. The court's reasoning was as follows:

"The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *City of Salina v. Jaggers,* 228 Kan. 155, 169, 612 P.2d 618 (1980); *Johnson v. McArthur,* 226 Kan. 128, 135, 596 P.2d 148 (1979); *State v. Dumler,* 221 Kan. 386, 389, 559 P.2d 798 (1977). When a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *State v. Chance,* 4 Kan. App. 2d 283, 287, 604 P.2d 756 (1980). Additionally, criminal statutes must be strictly construed against the State and in favor of the defendant. *State v. Stuart & Jones,* 223 Kan. 600, 607, 575 P.2d 559 (1978).

"A synthesis of the foregoing rules leads us inevitably to our conclusion. First, the question of whether attempted murder should be covered by K.S.A. 1977 Supp. 21-4618 is not before us. Our task is only to determine whether the statute

does in fact apply to the crime involved in the case at bar. We hold K.S.A. 1977 Supp. 21-4618 is plain and unambiguous. The intent of the legislature expressed therein is for that statute to apply only to article 34 crimes. Attempted murder is simply not an article 34 crime. Therefore, we hold K.S.A. 1977 Supp. 21-4618 was not applicable to attempts. Appellant's sentence is so modified." 6 Kan. App. 2d at 832.

We find the *Sutton* rationale of the decision to be logical and persuasive. Apparently so does the State as it has conceded that the sentencing under K.S.A. 21-4618 for an attempted aggravated robbery was error.

The error does not, however, alter the practical effect of the sentences imposed herein inasmuch as the attempted aggravated robbery sentence runs concurrently with longer sentences imposed for the aggravated battery and kidnapping convictions. See K.S.A. 21-4608(3).

Defendant's sentence for attempted aggravated robbery is modified to remove any reference to K.S.A. 21-4618.

The second issue is whether the trial court erred in applying the mandatory minimum firearm statute (K.S.A. 21-4618) to more than one crime arising out of the same occurrence.

The trial court applied K.S.A. 21-4618 to the sentences imposed on the kidnapping, aggravated battery, and attempted aggravated robbery convictions. This court has in the preceding issue held K.S.A. 21-4618 inapplicable to the attempted aggravated robbery conviction. Therefore this issue as it relates to that offense is moot. Remaining, however, are two crimes arising out of the same occurrence to which the mandatory sentencing statute has been applied.

Defendant states his contentions as follows:

"It is the defendant's position that once a trial court imposes a sentence for the conviction of a Chapter 21 Article 34 crime and finds, in invoking a mandatory sentence under K.S.A. 21-4618, that a firearm was used in the commission of the crime, then the trial court cannot, on another additional conviction, again invoke the provisions of K.S.A. 21-4618 if the offenses were part of the same transaction and continued 'use' of the firearm."

In other words defendant argues continuous use of a firearm in the commission of various crimes arising from one occurrence legally constitutes only one "usage" of the gun for mandatory sentencing purposes.

Although set forth in the discussion of the preceding issue, for convenience, K.S.A. 21-4618 is repeated herein as follows:

"Probation or suspension of sentence shall not be granted to any defendant who is convicted of the commission of the crime of rape, the crime of aggravated sodomy or any crime set out in article 34 of chapter 21 of the Kansas Statutes Annotated in which the defendant used any firearm in the commission thereof and such defendant shall be sentenced to not less than the minimum sentence of imprisonment authorized by law for that crime."

The statute clearly and unequivocally requires a trial court to sentence each defendant convicted of each crime included therein to at least the minimum term of imprisonment provided for the particular crime involved. There are no exceptions for multiple crimes arising from one incident. The commission of multiple article 34 crimes with a firearm during one incident does not constitute only one usage of the firearm within the meaning of K.S.A. 21-4618 and does not limit the application of said statute to only one of said crimes.

We conclude this issue is without merit, and the trial court did not err in applying K.S.A. 21-4618 to the aggravated battery and kidnapping convictions.

For his third issue defendant contends the trial court erred in denying his motion for judgment of acquittal on the aggravated battery charge, said motion being made at the close of the State's case and renewed at the close of all evidence.

We must state the relevant facts before proceeding. Defendant forced his way at gunpoint into the Coulter residence, entry being made through a second floor bedroom door from an outdoor balcony. Mr. Coulter escaped from the master bedroom and fled to his daughter's room to secure a shotgun. Defendant followed, still armed with his rifle. Defendant and Mr. Coulter struggled for several minutes in an upstairs hallway for possession of the rifle. Both men had their hands on the gun, attempting to gain sole possession thereof. The struggle continued down the hall to a balcony overlooking the family room below. Mr. Coulter in his testimony described what happened next in the following terms: "He gave a might[y] heave and pulled me over the balcony rail." As a result of the 12 to 14 foot fall to the brick floor below, Mr. Coulter suffered a broken tooth, a broken bone in his foot, an almost severed toe, and injuries to both knees.

The test to be utilized in considering a motion for judgment of acquittal has often been stated. In *State v. Rider, Edens & Lemons,* 229 Kan. 394, 625 P.2d 425 (1981), the court said:

"A trial judge in passing on a motion for judgment of acquittal must determine

whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact therefrom, a reasonable mind, or rational trier of facts, might fairly conclude guilt beyond a reasonable doubt. *State v. Mack,* 228 Kan. 83, 89, 612 P.2d 158 (1980); *State v. Tillery,* 227 Kan. 342, 345, 606 P.2d 1031 (1980); *State v. Rodriquez,* 226 Kan. 558, 564, 601 P.2d 686 (1979)." 229 Kan. at 403.

## Aggravated battery is defined in K.S.A. 21-3414 as follows:

"Aggravated battery is the unlawful touching or application of force to the person of another with intent to injure that person or another and which either:

"(a) Inflicts great bodily harm upon him; or

"(b) Causes any disfigurement or dismemberment to or of his person; or

"(c) Is done with a deadly weapon, or in any manner whereby great bodily harm, disfigurement, dismemberment, or death can be inflicted."

Defendant argues he was trying to wrest the gun *away* from the homeowner and did not apply force *toward* the homeowner. In his view the direction of the force is of great significance.

We do not agree. If one person intentionally forces another person to fall over a railing, it matters not whether a pushing or pulling motion is utilized by the perpetrator. In either event, the resultant fall was caused by the "application of force to the person" who fell.

Was there sufficient evidence to support a finding there was an intent to injure?

The jury was instructed as follows:

"1. That on or about the 19th day of May, 1981, within this County and State, the defendant, Charles B. Smith,

2. Unlawfully and willfully touched and applied force to the person of another namely Jamie Coulter,

3. With the intent in him, Charles B. Smith, to injure Jamie Coulter,

4. And which force was applied in a manner whereby great bodily harm, disfigurement, dismemberment or death could have been inflicted,

5. And did inflict great bodily harm upon Jamie Coulter."

Additionally the jury was instructed on simple battery as a lesser included offense. The jury chose to believe that the force was applied with intent to injure. Clearly, serious injury could and did result. We conclude that rational triers of fact might fairly conclude guilt beyond a reasonable doubt. No error is shown in the trial court's denial of the motion for judgment of acquittal.

The fourth issue also concerns the aggravated battery conviction. Defendant contends there was no evidence he "used" a firearm within the contemplation of K.S.A. 21-4618. As will be recalled in the factual statement provided in the preceding issue,

Mr. Coulter and the defendant each had their hands on defendant's rifle and were struggling for sole possession when Mr. Coulter went over the balcony railing to the floor below. Defendant argues this does not constitute "use" of a firearm. We do not agree.

In *State v. DeCourcy*, 224 Kan. 278, 580 P.2d 86 (1978), defendant argued that although he had possession of a firearm and showed it to the tavern manager, he never pointed the gun at the manager, never fired it, and had no intention of hurting anyone. Hence, he contended that the gun was not "used" within the meaning of K.S.A. 21-4618. 224 Kan. at 281. In affirming the sentencing under K.S.A. 21-4618 this court held:

"The statute, by its express language, prohibits the granting of probation to any defendant convicted of an Article 34 crime in which the 'defendant used any firearm in the commission thereof.' In our judgment, for the statute to be applicable, the state must establish, and the sentencing court must find, that the *firearm was an instrumentality of the crime.*" 224 Kan. at 281. (Emphasis supplied.)

Defendant forced his way into the Coulter home at gunpoint. Mr. Coulter fled the master bedroom when he became convinced by defendant's actions that he was about to be shot. The subsequent struggle over the gun occurred after defendant, still armed, had pursued Mr. Coulter to another room. Control of the weapon meant control of the situation. Loss of control by the defendant could result in his injury, death or imprisonment. Loss of control by Mr. Coulter could mean injury or death to him or members of his family. The men were engaged in a mortal struggle. Defendant's "might[y] heave" on the firearm is what pulled Mr. Coulter over the railing. After Mr. Coulter lost control of the gun, the defendant did, in fact, kidnap the Coulter daughter at gunpoint.

Clearly under the circumstances herein the rifle was the instrumentality of the aggravated battery and was "used" within the meaning of the mandatory sentencing statute. We conclude the trial court did not err in applying K.S.A. 21-4618 to the sentence imposed on the aggravated battery conviction.

Defendant's final issue is alleged error in the trial court's instruction on kidnapping. Defendant forced Lynnie Coulter at gunpoint to walk from her second floor bedroom downstairs and out to his automobile. She managed to escape before actually entering the vehicle. Under the circumstances the trial court

apparently felt the following instruction would be appropriate and helpful to the jury:

"In connection with the charge of Kidnapping, you are instructed that no particular distance of removal is required, nor any particular time or place of confinement. Under our law, it is the fact, not the distance of the taking, and the fact, not the time or place of confinement, that supplies the necessary element of Kidnapping."

The instruction was predicated upon *State v. Buggs,* 219 Kan. 203, 215, 547 P.2d 720 (1976), which construed Kansas' kidnapping statute (K.S.A. 21-3420), as requiring no particular distance or time of confinement.

The jury was also instructed *on lesser included offenses of* attempted kidnapping and unlawful restraint.

A trial court has discretion in giving its instructions to the jury and on appeal the instructions should be approved, if, after considering them in their entirety, they properly and fairly state the law as applied to the facts in the case. *State v. Ferguson, Washington & Tucker,* 228 Kan. 522, 526, 618 P.2d 1186 (1980).

We conclude the instructions in their entirety properly and fairly stated the law as applied to the kidnapping charge and the court did not err in giving the complained-of instructions.

The judgment is affirmed except for the modification of the attempted aggravated robbery sentence.