(795 P.2d 947)

No. 64,480

STATE OF KANSAS, *Appellee,* v. STEPHEN W. SYLVA, *Appellant.*

Opinion filed August 10, 1990.

*Rick Kittel*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Rebecca D. Brock*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before ABBOTT, C.J., BRAZIL AND GERNON, JJ.

BRAZIL, J.: Stephen W. Sylva appeals a district court order denying his motion to modify sentence, arguing the court was required by K.S.A. 1989 Supp. 21-4603(3)(a) to grant probation because probation was recommended in the report of the State Reception and Diagnostic Center (SRDC) and because probation

was a presumptive sentence for him as a first-time class D felon. We affirm.

Sylva pled guilty to one count of attempt to sell cocaine (K.S.A. 1987 Supp. 65-4107[b][5], K.S.A. 65-4127a, K.S.A. 21-3301), a class D felony, and one count of attempt to sell marijuana (K.S.A. 1987 Supp. 65-4105[d][13], K.S.A. 1987 Supp. 65-4127b[b][3], K.S.A. 21-3301), a class D felony.

A sentencing hearing was held in which Sylva moved for probation. The court denied the motion and sentenced Sylva to commitment to the custody of the Secretary of Corrections for a term of two to five years for each offense. SRDC issued its report, recommending that Sylva be considered a candidate for probation. A hearing was held in which Sylva's motion for modification of sentence was denied. Sylva filed a motion to reconsider the motion to modify, which was also denied.

K.S.A. 1989 Supp. 21-4603(3)(a) provides that at any time within 120 days of sentencing the district court shall modify a sentence imposed "if recommended by the state reception and diagnostic center unless the court finds that the safety of the public will be jeopardized and that the welfare of the inmate will not be served by such modification." K.S.A. 1989 Supp. 21-4603 became effective July 1, 1989. The report filed by SRDC recommended Sylva "be considered a candidate for probation."

Prior to the 1989 amendment, K.S.A. 21-4603(3) provided that the court "*may*" modify a sentence. As amended, the court *shall* modify a sentence if recommended by the SRDC unless the court makes the required findings. The constitutionality of the amendment has not been challenged in this appeal and need not be considered because we conclude that the 1989 amendment is not applicable here.

K.S.A. 1989 Supp. 21-4606a also became effective on July 1, 1989. It provides:

"The presumptive sentence for a person who has never before been convicted of a felony, but has now been convicted of a class *D or* E felony *or convicted of an attempt to commit a class D felony* shall be probation, unless the conviction is of a crime specified in article 34, 35 or 36 of chapter 21 of Kansas Statutes Annotated *or the crime is a felony violation of K.S.A. 65-4127b, and amendments thereto, which involved the manufacture, sale, offer for sale or possession with intent to sell such controlled substances.* In determining whether to impose the presumptive sentence, the court shall

consider any prior record of the person's having been convicted or having been adjudicated to have committed, while a juvenile, an offense which would constitute a felony if committed by an adult. *If the presumptive sentence provided by this section is not imposed, the provision of K.S.A. 1989 Supp. 21-4606b shall apply.*" (Italics indicates 1989 amendments.)

Sylva was convicted of one count of attempt to sell cocaine, which is a class D felony, and one count of attempt to sell marijuana, which is a class D felony. Because attempt is defined by K.S.A. 21-3301, Sylva was not convicted of a crime specified in articles 34, 35, or 36 of chapter 21 of the Kansas statutes. Similarly, Sylva was not convicted of K.S.A. 1987 Supp. 65-4127b but rather was convicted of attempt to violate K.S.A. 1987 Supp. 65-4127b, which prohibits the sale of cocaine or marijuana. See *Sutton v. State*, 6 Kan. App. 2d 831, 636 P.2d 187, *rev. denied* 230 Kan. 819 (1982) (K.S.A. 1977 Supp. 21-4618, which provided that probation shall not be granted to any defendant convicted of a crime set out in article 34 of chapter 21 of the Kansas statutes in which the defendant used a firearm in the commission thereof, applies to the crime of murder [K.S.A. 21-3401] but does not apply to the crime of attempted murder because attempted murder is not an article 34 crime.). If the 1989 amendments to 21-4606a are applicable in this case, then Sylva is entitled to a presumption of probation. We conclude they are not applicable.

"While it is . . . a general rule of statutory construction that a statute will operate prospectively unless its language clearly indicates the contrary, that rule is modified where the statutory change is merely procedural or remedial in nature and does not affect the substantive rights of the parties. *State v. Hutchinson*, 228 Kan. 279, Syl. ¶¶ 6, 7, 615 P.2d 138 (1980). In *Hutchinson* we stated:

'As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished.' 228 Kan. at 287." *State v. Nunn*, 244 Kan. 207, 216, 768 P.2d 268 (1989).

In *Nunn*, the Supreme Court found that criminal statutes of limitation are remedial or procedural, not substantive, and could be applied retroactively.

In *State v. Henning*, 3 Kan. App. 2d 607, 609, 599 P.2d 318 (1979), this court held that K.S.A. 1978 Supp. 21-4608(5) was substantive and must be applied prospectively. That section of

the statute extended the permissible authorized sentencing to allow a Kansas sentence to run concurrently with another state's sentence for an offense committed prior to the defendant's Kansas sentence.

For purposes of distinguishing between substantive statutes that prescribe punishment as opposed to merely procedural statutes, we conclude that K.S.A. 1989 Supp. 21-4603(3)(a), changing sentence modification, and K.S.A. 1989 Supp. 21-4606a, changing the presumptive sentence law, are similar to the statute considered in *Henning*. We further conclude that K.S.A. 1989 Supp. 21-4603(3)(a) and K.S.A. 1989 Supp. 21-4606a are substantive statutes relating to punishment and must be applied prospectively.

The penalty for a criminal offense is the penalty provided by statute at the time of the commission of the offense. *Kelsey v. State*, 194 Kan. 668, 400 P.2d 736 (1965). The offenses in this case occurred on or about March 3 and 8, 1988, prior to the effective date of K.S.A. 1989 Supp. 21-4603(3)(a) and K.S.A. 1989 Supp. 21-4606a. Those statutes are not applicable in this case.

Affirmed.