NOT DESIGNATED FOR PUBLICATION

No. 126,015

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AVERY B. HOWARD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Meade District Court; SIDNEY R. THOMAS, judge. Submitted without oral argument. Opinion filed April 5, 2024. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Clay A. Kuhns*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before GREEN, P.J., HILL and CLINE, JJ.


PER CURIAM:  Avery B. Howard appeals the district court's revocation of her probation. Although Howard concedes that she violated her probation by missing her curfew three times, she argues that the district court misapplied K.S.A. 2018 Supp. 22-3716(c)'s graduated intermediate sanction scheme when revoking her probation. So, Howard asks us to reverse the revocation of her probation and remand to the district court for a new disposition hearing. Nevertheless, Howard's arguments are unpersuasive. She has not preserved her first argument for our review. And her second argument contradicts our Supreme Court's precedent in *State v. Tafolla*, 315 Kan. 324, 330, 508 P.3d 351 (2022). Thus, we affirm the district court's revocation of Howard's probation.

1

FACTS AND PROCEDURAL HISTORY

In August 2020, after entering into a plea agreement with the State, Howard pleaded guilty to possessing marijuana with intent to distribute, committed in February 2019. This was a severity level 2 felony contrary to K.S.A. 2018 Supp. 21-5705(a)(4), (d)(2)(C). Based on the severity level of this crime as well as Howard's criminal history, Howard's standard presumptive sentence was 104 months' imprisonment. Under the terms of her plea agreement with the State, though, Howard could move the district court for a dispositional departure to probation.

At Howard's March 2021 sentencing hearing, Howard moved the district court for a dispositional departure to probation. Howard argued that there were substantial and compelling reasons to sentence her to probation instead of prison for several reasons: (1) because she was young when she committed the crime; (2) because she was cooperating with law enforcement; (3) because she was residing in a halfway house; (4) because she was seeking substance abuse treatment; (5) because she was seeking mental health treatment; (6) because she had family to support her while serving probation; and (7) because she had transported the marijuana on behalf of her abusive ex-boyfriend. Both the State and the district court agreed that Howard had acted as her ex-boyfriend's "drug mule."

Ultimately, the district court granted Howard's motion. It found all of Howard's arguments were substantial and compelling reasons to sentence her to probation. When it made this finding, the district court stressed that Howard seemed to have the family support required to successfully complete probation. The district judge stated that a "major factor" in its decision to grant her motion was Howard's abusive relationship in which she was "under the control of" her ex-boyfriend. Afterwards, it sentenced Howard to 36 months' probation with an underlying 104-month prison sentence followed by 36 months' postrelease supervision.

Yet, in April 2021, about two weeks after her sentencing, the State moved to revoke Howard's probation. At Howard's May 2021 probation violation hearing, Howard admitted to violating her probation conditions to meet curfew and to timely report to law enforcement. Although the State had moved to revoke Howard's probation, at the hearing the State asked the district court to allow Howard to remain on probation after serving a 180-day prison sanction. On the other hand, Howard asked the district court to revoke and reinstate her probation while also ordering her to attend more substance abuse treatment. In the end, the district court ordered Howard to serve a 180-day prison sanction and extended Howard's probation by 36 months.

A few months later, in early October 2021, the State moved to revoke Howard's probation again. Under Howard's probation conditions, Howard had to remain within her county of residence, not commit any crimes, and not use any illegal drugs. Yet, Howard's probation officer learned that on September 26, 2021, law enforcement in Lee's Summit, Missouri, arrested Howard for possessing a marijuana-like substance. The probation officer also learned that while in jail following this arrest, Howard told law enforcement that she had used heroin and methamphetamine in late September 2021.

At Howard's probation violation hearings in February 2022 and April 2022, respectively, Howard admitted to violating her probation by leaving her county of residence and by using illegal drugs. But at the hearings, Howard denied violating her probation conditions requiring her to obey all laws. She also asked the district court to allow her to remain on probation but with an order that she continue in substance abuse treatment.

To support her argument, Howard testified on her own behalf about her efforts to maintain sobriety and improve her quality of life since her arrest in Lee's Summit. Howard also testified that she was currently six months' sober, employed, and going to college. In addition to her own testimony, Howard relied on her substance abuse

3

counselor's testimony to support her argument. The substance abuse counselor explained that based on Howard's recent life improvements, the district court should let Howard remain on probation. For its part, the State argued that Howard had already been given "multiple chances" on probation. Thus, it asked the district court to revoke Howard's probation and then modify her underlying prison sentence to 36 months' imprisonment.

Eventually, the district court hesitantly granted Howard's request to remain on probation. When it granted Howard's request, it explained to Howard that the law allowed it to revoke her probation already. It explained to her that it had already given her "grace" by sentencing her to probation instead of prison and by allowing her to remain on probation following her previous violations. Even so, the district court decided that Howard's recent life improvements indicated that she might successfully complete probation. As a result, the district court allowed Howard to remain on probation. But as punishment for her violations, it extended Howard's probation for another 36 months.

In late May 2022, the State filed another motion to revoke Howard's probation. Relying on Howard's probation officer's affidavit, the State argued that the district court should revoke Howard's probation because Howard had missed her curfew three times, had not submitted to drug testing when requested, and had missed two outpatient substance abuse treatments without any explanation. In turn, the district court issued a warrant for Howard's arrest. Law enforcement arrested Howard on the warrant two days later.

When Howard appeared before the district court in late June 2022, Howard denied violating any of her curfew probation conditions. So, the district court set an evidentiary hearing on the State's revocation motion. But at a later hearing in August 2022, Howard voluntarily admitted that she had violated her curfew conditions.

4

After multiple continuances, the district court held a disposition hearing on Howard's curfew violations in January 2023. At the hearing, the State asked the district court to revoke Howard's probation while modifying Howard's underlying prison sentence from 104 months to 60 months because that sentence was "closer to justice." Howard pointed out that she was already facing a 42-month prison sentence for her distribution conviction from Clark County—a crime she committed just eight days before committing the distribution conviction at issue in this case. Howard argued that the district court should modify her underlying sentence to 42 months' imprisonment and then run this sentence concurrent with her 42-month prison sentence in the Clark County case. When she made this argument, Howard stressed that the facts of her current case and her Clark County case "mirrored" each other.

But the district court rejected Howard's argument. It revoked Howard's probation, ordering her to serve her underlying prison sentence, which it modified to 60 months' imprisonment. In doing so, the district court judge provided a detailed explanation for his decision:

> "Well, Ms. [Howard], I've never seen—well, I've never given people with this type of sentence three bites at the apple, and four—that's basically what you're asking for is a fourth today. I allowed you back on probation a second time after—*With a sentence like this, generally one time and you're done*. But you came in with a—a lot of support and a lot of people behind you with a plan, and it appears that that plan just fell apart and it appears from the violation dates that it didn't last very long, so that gives the Court great concern. And we've offered you treatment a number of times and we've come back with the same results. So there becomes a time when I just have to start protecting society from you and we were trying to protect you from drugs, but now, you know, drugs in our community are a bad thing. I understand what both counsel said. It was marijuana and you're a mule, but one time, yes, understandable. Two times, a lot less understandable, that I just—I really question that and I question your voracity in that given the questionable voracity in a lot of things that I have up to this point. So the question—only question on my mind is to follow what the State recommended which was a modified

sentence of 60 months or just the underlying sentence. The State argued that the underlying sentence isn't justice. I think it is justice. That's what the legislature says is justice for this sentence, and the consecutive—You can argue that, but that's what the law is. That's what the law requires in these types of—So is this justice? Is this sentence justice? I'd say it is. I say it is by the state of Kansas. By the laws of the state of Kansas, this is justice. But I understand the perspective that the County Attorney's coming from, just—It seems like a lot, but you've earned it. You've earned it by your behavior. But by knowing all the facts, more facts than I sometimes know, he's still coming in and recommending 60 months, and so I will modify the sentence to that recommendation to 60 months, consecutive with Clark County of course. It's been consecutive all along. And you will be subject to all the—That's the only thing I'm modifying. . . . We had concerns, but you could've had an additional charge with [an attempt to remove your GPS ankle monitor]. I don't know the status of that, but you definitely—and that's a pretty serious charge in and of itself to cut that off and I know that we advised you of that. So you're really getting three benefits out of this and that's pretty amazing. *The State of Kansas has gone above and beyond to give you the benefit of the doubt, both with probation in two presumptive prison cases and not only once, not only twice, but a third try and then now to modify it again. So I think you've been treated more than fair* and I regret having to send this—you away for that amount of time, but—you know, hopefully you will avail yourself of all available recovery options and take a hold of those so that you never have to come back before the Court again because—but if you start using, it will happen. It may not happen the first day you use, it may not happen the 100th day, but it might the 102nd, you know, and . . . with your record, I doubt that you'll ever get a deal like this again, at least you won't from this Court." (Emphases added.)

Howard now timely appeals the revocation of her probation.

ANALYSIS

"Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *Tafolla*, 315 Kan. at 328. As a result, this court reviews the district court's revocation of an offender's probation for an abuse of discretion. A district

6

court abuses its discretion when it makes an error of law, an error of fact, or some other unreasonable decision. As the party alleging error, the offender arguing that the district court wrongly revoked his or her probation bears the burden of proving an abuse of discretion. Also, to the extent that Howard's arguments involve statutory interpretation or jurisdiction, we exercise unlimited review. 315 Kan. at 328.

Here, Howard's argument turns on the district court's compliance with K.S.A. 2018 Supp. 22-3716(c); this was the statute controlling what sanctions a district court could impose on an offender for an established probation violation when Howard committed her underlying crime. See L. 2018, ch. 106, § 31. K.S.A. 2018 Supp. 22-3716(c)(1) provided that unless an exception existed under the statute, the district court must impose the series of graduated intermediate sanctions under subsections (c)(1)(A)-(c)(1)(E) before revoking an offender's probation. One exception allowing the district court to immediately bypass an offender's probation was K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s dispositional departure exception. It stated that after a probation violation was established, the district court could immediately revoke an offender's probation, bypassing (c)(1)(A)-(c)(1)(E)'s graduated intermediate sanctions scheme, if the offender was on probation "as the result of a dispositional departure granted by the sentencing court pursuant to K.S.A. 2018 Supp. 21-6815, and amendments thereto." K.S.A. 2018 Supp. 22-3716(c)(9)(B).

As she did before the district court, on appeal, Howard concedes that she violated her probation curfew conditions. All the same, Howard argues that she is entitled to a new dispositional hearing for two reasons.

In her first argument, Howard asserts that she is entitled to a new disposition hearing because the district court wrongly imposed K.S.A. 2018 Supp. 22-3716(c)(1)(D)'s 180-day prison sanction on her for her initial probation violation. According to Howard, because the district court ignored K.S.A. 2018 Supp. 22-

7

3716(c)(1)(D)'s plain language requiring the district court to impose at least one other graduated intermediate sanction before imposing subsection (c)(1)(D)'s 180-day prison sanction, she "could not have been lawfully revoked through the exhaustion of the graduated [intermediate] sanctions scheme." The State counterargues that we lack jurisdiction to consider this argument because Howard did not appeal the district court's imposition of the 180-day prison sanction when the district court imposed the sanction in May 2021.

We hold that the State's argument is persuasive. We have jurisdiction to consider an appeal only when the defendant complies with our statutes governing appeals. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The statute controlling criminal jurisdiction on appeal states that a defendant has 14 days to appeal a final judgment. K.S.A. 22-3608(c). At Howard's May 2021 probation violation hearing, although the district court told Howard about her appeal rights, Howard never appealed the district court's imposition of the 180-day prison sanction. So, as the State argues, we lack jurisdiction to consider Howard's complaint about the district court ordering her to serve a 180-day prison sanction for her first probation violation. We also note that Howard never objected to the district court's decision to impose the 180-day prison sanction for her first probation violation. Thus, even if we had jurisdiction to consider Howard's argument about the 180-day prison sanction, we would not consider her argument because she has raised it for the first time on appeal. See *State v. Genson*, 316 Kan. 130, 135-36, 513 P.3d 1192 (2022) (holding [1] that issues generally cannot be raised for the first time on appeal and [2] that an appellate court has no duty to consider an argument raised for the first time on appeal), *cert. denied* 143 S. Ct. 1092 (2023).

As for Howard's second argument, she contends that the district court did not adequately invoke K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s exception allowing for the immediate revocation of her probation. She argues that neither the district court's oral reasoning at her May 2021 violation hearing nor its written reasoning within her

8

revocation journal entry explain why it bypassed K.S.A. 2018 Supp. 22-3716(c)(1)'s mandatory graduated intermediate sanction scheme. Howard recognizes that in *Tafolla*, our Supreme Court held that the district court did not have to expressly invoke K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s dispositional departure exception to revoke an offender's probation. Regardless, she asserts that the district court's oral and written reasoning for immediately revoking her probation instead of imposing a graduated intermediate sanction "f[e]ll short of reflecting a reliance on the earlier departure sentence, as *Tafolla* demands." On the other hand, the State makes a counterargument. It contends that our Supreme Court's analysis in *Tafolla* proves that the district court adequately invoked K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s dispositional departure exception when revoking Howard's probation.

First, it is a well-known rule that an issue inadequately briefed is deemed waived and abandoned by this court. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). In her brief, Howard merely asserts that the district court failed to correctly invoke K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s dispositional departure exception without any additional analysis. The entirety of Howard's explanation is that the district court's ruling "f[e]ll short of reflecting a reliance on the earlier departure sentence, as *Tafolla* demands." This sentence is conclusory. It merely alleges that the district court's ruling fell short of *Tafolla*'s requirements without any supporting analysis. Thus, it follows that Howard has waived and abandoned her argument about the district court's failure to adequately invoke K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s dispositional departure exception. Indeed, in *Tafolla*, our Supreme Court made a similar holding that Tafolla could not prove error through conclusory assertions. 315 Kan. at 332.

Second, as argued by the State, *Tafolla*'s precedent proves that the district court complied with K.S.A. 2018 Supp. 22-3716(c)(9)(B) when revoking Howard's probation. In *Tafolla*, Tafolla challenged the district court's reliance on K.S.A. 2018 Supp. 22-3716(c)(9)(A), an exception allowing the district court to immediately revoke an

9

offender's probation if it found and set forth with particularity reasons why the offender's welfare would not be served by nonprison sanction. Although our Supreme Court agreed that the district court failed to find and set forth with particularity why remaining on probation was not in Tafolla's best interests, it found that the district court revoked Tafolla's probation under K.S.A. 2018 Supp. 22-3716(c)(9)(B), too. It explained that unlike subsection (c)(9)(A), subsection (c)(9)(B)'s dispositional departure exception had no language that the district court find and set forth with particularity that it was revoking the offender's probation because the offender received a dispositional departure to probation. So, in Tafolla's case, "[a]lthough the district court did not expressly invoke it, the probation revocation transcript reflect[ed] the court relied on its earlier decision to grant Tafolla a dispositional departure sentence to probation." 315 Kan. at 330. Then, our Supreme Court affirmed the district court's revocation of Tafolla's probation (1) because subsection (c)(9)(B)'s dispositional departure exception does not require particularized findings and (2) because the district court considered its earlier decision to grant Tafolla's dispositional departure motion when it revoked Tafolla's probation. 315 Kan. at 330. So, the *Tafolla* decision stands for the proposition that to correctly invoke K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s dispositional departure exception, the district court need only make generalized findings about the offender having received a dispositional departure to probation.

As argued by the State, when the district court revoked Howard's probation, it pointed out that Howard was on probation because it had granted her dispositional departure motion at sentencing. In fact, the first thing the district court noted in its revocation ruling from the bench was that Howard had a sentence that it does not typically give "three bites at the apple." The district court's phrase "three bites at the apple" does not directly mention Howard's dispositional departure to probation. But in context, it is readily apparent that the district court was implicitly referring to how many times it had already given Howard the opportunity of probation. To review, first the district court granted Howard's dispositional departure motion at her March 2021

10

sentencing hearing. Second, after Howard admitted that she had committed probation violations, the district court allowed her to remain on probation after serving a 180-day prison sanction at her May 2021 probation violation hearing. Third, after Howard admitted to committing more probation violations over the course of her two-part probation violation hearing in February 2022 and April 2022, the district court extended Howard's probation 36 months. But it still allowed Howard to remain on probation. So, in context, when the district court talked about how it treated people with sentences like Howard's sentence, it was telling Howard that it had never given similarly situated defendants a fourth chance on probation. It was reminding Howard that she had been given the grace of probation three times already. See *State v. DeCourcy*, 224 Kan. 278, Syl. ¶ 3, 580 P.2d 86 (1978). As a result, the district court's comment about not letting people with sentences like Howard's sentence to get a third bite at the apple implicitly referred to its earlier decision to grant Howard's dispositional departure motion.

Indeed, at Howard's probation violation hearings in February 2022 and April 2022, the district judge said: "[I]f I can make a decision that if you are really doing what you need to do to become a productive member, that we can try one more time. But all that starts stacking up and the reality is it's my duty to send you to prison if you mess up, and that's—It doesn't mean it's a new law violation; it's just any violation *because it's a departure*." (Emphasis added.) So, contrary to Howard's argument otherwise, the district court clearly considered her dispositional departure to probation when revoking her probation for the curfew violations.

In summary, we reject Howard's argument that the district court failed to adequately invoke K.S.A. 2018 Supp. 22-3716(c)(9)(B)'s dispositional departure exception when revoking her probation. Although Howard relies on *Tafolla*, in that case our Supreme Court held that the district court may make generalized findings to revoke an offender's probation under K.S.A. 2018 Supp. 22-3716(c)(9)(B). Here, the district court's early colloquy from the bench with Howard concerning her probation violation

11

hearings in February 2022 and April 2022 explicitly put Howard on notice that she was on probation because of a dispositional departure and that she could be sent to prison for any violation. Thus, we affirm the district court's revocation of Howard's probation.

Affirmed.