THE STATE OF KANSAS v. J. B. SHOWERS.

REPEALING STATUTE; *Saving Clause.* Where a repealing statute contains a special saving clause, the general saving statute contained in § 1, chapter 104 of the General Statutes ( Comp. Laws of 1879, ch. 104, § 1) will not apply, and no rights or remedies will be saved, except such as are saved by the special saving clause.

### Appeal from Morris District Court.

PROSECUTION for a violation of the prohibitory liquor law. From a judgment against him at the April Term, 1885, the defendant, *Showers*, appeals. The opinion states the case.

*J. K. Owens,* and *Kellogg & Sedgwick,* for appellant.

*S. B. Bradford,* attorney general, and *J. M. Miller,* county attorney, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: On April 23, 1883, the grand jury of Morris county returned an indictment against J. B. Showers, the fourth count of which indictment charged the defendant with selling intoxicating liquors in violation of law, on February 20, 1885. The defendant was tried and convicted under the said fourth count of said indictment, and was sentenced to pay a fine of $150, and stand committed to the jail of Morris county until the fine and costs were paid. From this sentence the defendant now appeals to this court.

The offense of which the defendant was found guilty was committed in violation of § 7 of the prohibitory liquor law as enacted in 1881, and the prosecution for such offense was commenced and conducted to its termination after said section had been amended and the original section repealed by an act taking effect March 10, 1885. The first question presented to this court, and which is admitted to be involved in the case by counsel for both the prosecution and the defense, is, whether the defendant could be punished for a violation of the old section when the prosecution had not been commenced until after

it had been amended and repealed. What the old section contained and what the new section contains may be seen from the following, the words in parenthesis being the words which the old section contained, but which are omitted from the new, while the words in italics are the amendments inserted in the new and not contained in the old, the other words being common to both sections:

"SEC. 7. Any person, without taking out and having a permit to sell intoxicating liquors as provided in this act, *or any person not lawfully and in good faith engaged in the business of a druggist,* who shall, directly or indirectly, sell or barter any spirituous, malt, vinous, fermented, or other intoxicating liquor, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than one hundred dollars nor more than five hundred dollars, *and* (or) be imprisoned in the county jail not less than thirty days nor more than ninety days; (and for a second offense shall be fined in any sum not less than two hundred dollars nor more than five hundred dollars, or be imprisoned in the county jail not less than sixty days nor more than six months; and for a third and every subsequent offense shall be fined in a sum not less than five hundred dollars nor more than one thousand dollars, or be imprisoned in the county jail not less than three months nor more than one year, or shall suffer both such fine and imprisonment, in the discretion of the court.)"

Section 19 of the act of 1885 contains a clause repealing the sections amended, and also a saving clause, which section reads as follows:

"SEC. 19. Original sections two, three, four, *seven,* eight, nine, twelve, thirteen and twenty-one of the said act to which this act is amendatory and supplemental, are hereby repealed. All prosecutions pending at the time of the taking effect of this act shall be continued the same as if this act had not been passed."

There is also a general saving statute in force, which reads as follows:

"SECTION 1. In the construction of the statutes of this state, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute:

"*First.* The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment." (Comp. Laws of 1879, ch. 104, § 1.)

This general saving statute has several times been considered and construed by this court: *Willetts v. Jeffries,* 5 Kas. 473; *Gilleland v. Schuyler,* 9 id. 569; *The State v. Boyle,* 10 id. 113, 116, 117; *The State v. Crawford,* 11 id. 32; *Jenness v. Cutler,* 12 id. 500, 511, 512; *In re Petty,* 22 id. 477.)

It seems to be admitted by counsel for the state that the new § 7 cannot apply to this case; for to make it apply would render it an *ex post facto* law, unconstitutional and void. It also seems to be admitted by counsel for the state that without any saving statute the repeal of the original § 7 would be absolute, and no prosecution could be had under that section. It also seems to be admitted by counsel for the state that the saving clause in § 19 of the act of 1885 is not broad enough to cover this case, but includes only "prosecutions *pending* at the time of the taking effect" of the act, and therefore that if no other saving statute can be found which will save prosecutions like the present, the present prosecution cannot be maintained. The law in all these respects is unquestionably settled to be just as the counsel for the state seem to admit it to be. But counsel for the state claim that the general saving statute found in § 1, chapter 104, of the general statutes as heretofore quoted, applies to this case and authorizes the present prosecution under the original § 7, although the prosecution was not commenced until after the original § 7 was repealed. But this can hardly be a correct interpretation of the law; for the legislature in absolute terms repealed original § 7, before this prosecution was commenced, saving only such prosecutions as had already been commenced under the original section and were pending at the time the act of 1885 took effect. The question as to what should be repealed and what

saved was before the legislature. It had the entire subject-matter thereof under consideration, and evidently intended to cover the entire ground; and evidently intended that nothing should be repealed except what it expressly repealed, and that nothing should be saved except what it expressly stated should be saved. It expressly saved some things; therefore it must be inferred that it intended to save no others. *Expressio unius, est exclusio alterius.* The legislature evidently intended

Repealing statute; that the special saving clause which it enacted in
special saving §19 of the act of 1885 should take the place of
clause, in place
of all others. all others, so far as prosecutions under original §7 were concerned; and that in cases where the special saving clause could apply, the general saving statute should have no operation.

"It is a well-settled rule of construction, that specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law, which might otherwise be broad enough to include it." (*Felt v. Felt*, 19 Wis. 196.)

"It is familiar law that a later statute will operate as a repeal of a former, though it contains no express repeal, and even though its provisions are not absolutely repugnant to those of the former, whenever it is obvious that the one was intended as a substitute for the other." (*The State, ex rel., v. Studt*, 31 Kas. 245, 246, and cases there cited. See also *Rogers v. Watrous*, 8 Tex. 62; *Kane v. The State*, 20 id. 364; *Tunstall v. Wormley*, 54 id. 476; 480.)

If, however, the saving clause in §19 of the act of 1885 was not intended by the legislature to cover the entire ground, and to be a substitute for the general saving statute, so far as cases like this are concerned, then the saving clause contained in §19 of the act of 1885 has no office to perform, but is absolutely worthless; for the general saving clause would save all that it saves, and very much more. Such an interpretation of the law as this would violate all proper canons of construction. It would in effect say that the legislature had done the very foolish thing of enacting a saving clause which can have no real operation at all, and can subserve no actual purpose whatever.

"It is a well-settled rule, that when any statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. To hold otherwise would be to impute to the legislature gross carelessness or ignorance; which is altogether inadmissible." (*Ellis v. Paige*, 18 Mass. 45.)

To hold, however, that the saving clause in § 19 of the act of 1885 covers the whole ground, and that no prosecutions under original § 7 are saved, except such as it saves, gives force and operation to such saving clause, and no other holding would do so. If no saving clause were in existence, no new suit could be commenced under the old law, and all suits pending under the old law would be abated and become extinguished. (*In re Petty*, 22 Kas. 477; *Abbott v. Commonwealth*, 8 Watts, 517; same case, 34 Am. Dec. 492; *Hartung v. The People*, 22 N. Y. 95.)

The legislature of course knew all this, for such is well-settled law. The legislature also knew of the existence of the general saving clause, and knew that it would have saved not only all pending suits for violations of the old law, but also all suits that might subsequently be commenced. And with this knowledge the legislature passed a saving clause of its own. From this it appears that the legislature was not only not satisfied with the old prohibitory liquor law, which it sought to amend, but was also not satisfied with the general saving clause that would have saved all rights and remedies of the state under the old law and continued them in force until all prosecutions could have been had that might have been had under the old law. For this reason the legislature amended the old prohibitory liquor law as it did, and enacted the saving clause as it did; and repealed all things in the old law which it did not expressly save. The theory upon which it has been held by this court that the general saving statute is applicable in cases of repeals, is, that where the repealing statute is *silent* as to whether the rights and remedies which had previously accrued under the repealed statute should be saved, or not, such silence indicates an intention on the part of

the legislature that the general saving statute should be left to operate upon the repeal and to save all such rights and remedies as come within the saving provisions of the general saving statute. (See, especially, the case of *The State v. Boyle,* 10 Kas. 113.) In the present case, however, the repealing statute is not *silent,* for it itself contains a saving clause which shows that it was not the intention of the legislature to rely upon the general saving statute.

For the reasons above stated, we think the present action cannot be maintained. The judgment of the court below will therefore be reversed, and the cause remanded for further proceedings.

All the Justices concurring.