No. 55,191

CITY OF KANSAS CITY, KANSAS, *Appellant,* v. ALFRED GRIFFIN, *Appellee.*

(664 P.2d 865)

Opinion filed June 10, 1983.

*Kathryn Pruessner Peters,* assistant city attorney, argued the cause and was on the brief for the appellant.

*Darrel Frogley,* of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal by the City of Kansas City, Kansas, from the dismissal of a criminal complaint charging the defendant, Alfred Griffin, with driving a vehicle while under the influence of alcohol (DUI) in violation of a Kansas City, Kansas, city ordinance. The facts in the case are undisputed and are as follows: The defendant was found guilty of DUI in municipal court of Kansas City, on August 2, 1982. The crime was allegedly committed on May 28, 1982. On July 1, 1982, the Kansas City city commission enacted a new city ordinance covering the offense of DUI. The effect of the new ordinance was to change the penalty provisions for the offense to comply with the newly enacted state statute on the subject, K.S.A. 8-1567. The new ordinance repealed the old ordinance without providing for an express savings clause to specifically authorize continuing pending prosecutions under the old ordinance. Following his conviction on August 2, 1982, defendant appealed to the district court. There

defendant moved to dismiss the prosecution, contending that the adoption of the new city ordinance, without a savings clause, required the abatement of all pending prosecutions under the old ordinance. The district court agreed and sustained defendant's motion for dismissal. The city has appealed.

It would be helpful to bring into sharper focus the provisions of the old and new ordinances covering the subject of DUI. The Kansas City ordinance in effect at the time the defendant allegedly committed the offense provided as follows:

"Sec. 36-59(1). It is unlawful and punishable as provided in subsection (4) of this section for any person who is under the influence of intoxicating liquor to operate any vehicle within this city."

"Sec. 36-59(4). Every person who is convicted of a violation of this section shall be punished by imprisonment for not more than six (6) months, or by a fine of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than ninety (90) days nor more than six (6) months, and, in the discretion of the court, a fine of not more than five hundred dollars ($500.00)."

The new city ordinance, which became effective upon publication on July 1, 1982, provided in part as follows:

"Sec. 36-59(1). No person shall operate any vehicle within this City while under the influence of alcohol."

"Sec. 36-59(4). Upon a first conviction of a violation of this section, a person shall be sentenced to not less than 48 hours' imprisonment or 100 hours of public service nor more than 6 months imprisonment and fined not less than $200 nor more than $500, or by both such fine and imprisonment. The person convicted shall not be eligible for release on probation or suspension or reduction of sentence until the minimum sentence has been satisfied. . . ."

There were other changes in the new ordinance providing for increased penalties for subsequent convictions, and covering certain presumptions arising from the presence of alcohol in a person's blood. Simply stated, the new city ordinance was enacted so that the Kansas City ordinance on the subject of DUI would be in substantial compliance with the new Kansas statute on the subject (K.S.A. 8-1567).

At the outset, we should consider certain general principles of law applicable in cases where a criminal statute is repealed and then reenacted in a modified form by a legislative body. It was the generally recognized rule at common law that the *outright repeal* of a criminal statute without a savings clause terminates or bars prosecution for a violation thereof committed prior to such repeal.

"Bishop states the principle thus: 'No court can entertain a cause without authority of law. Therefore the repeal of a statute terminates all proceedings under it. . . . If the common or statutory law, which authorizes a prosecution and conviction for any offense, is repealed or expired before final judgment, the court can go no further with the case. Even after verdict rendered against the prisoner, or after he has pleaded guilty, sentence cannot be pronounced; and he must be discharged. . . . But after final judgment, a repeal of the law will not arrest the execution of the sentence.' Bishop, Statutory Crimes, 3d ed, p 192, § 177." Annot., 167 A.L.R. 845, 850 n. 10.

The common-law rule has been recognized by this court in a number of Kansas cases. See for example *State v. Boyle,* 10 Kan. *113 (1872); *State v. Showers,* 34 Kan. 269, 8 Pac. 474 (1885); *Wichita v. Murphy,* 78 Kan. 859, 99 Pac. 272 (1908); *State v. Cramer,* 196 Kan. 646, 413 P.2d 994 (1966).

Where a statute contains a savings clause which reserves prosecution under the former statute, the former statute is determined to be effective as to those offenses, and a prosecution may continue. In the area of statutory enactments, it has long been held in Kansas that the first provision of K.S.A. 77-201 is to be construed as a general savings statute, preserving all rights and remedies under a repealed statute when the repealing statute is silent as to whether such rights and remedies shall be abrogated or not. K.S.A. 77-201 provides in part:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

"*First.* The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

In the present case, there was no general Kansas City ordinance in effect in the nature of a general savings clause comparable to K.S.A. 77-201.

In the absence of a general savings statute, the prevailing rule in the United States today is that where a statute which defines a crime and provides for its punishment is repealed by a statute which, in effect, reenacts the substance of the original one, the new statute does not interrupt the operation of the old statute and does not prevent a prosecution or a conviction or affirmance

of a conviction after the reenactment for an offense committed before the repeal and reenactment. This rule is discussed in the many cases set out in the annotation in 77 A.L.R.2d 336, 364. Where a statute is amended only to increase the penalty for the crime and the statute is repealed, there has been a split of authority as to whether pending prosecutions are to be abated. See the annotation at 167 A.L.R. 845.

According to what has now become the great weight of authority, there are at least three situations to which the common-law rule does not apply:

(1)   Where the statute passed after the offense is committed but before final judgment mitigates rather than increases the punishment;

(2)   Repeals by implication are not favored, and where a new statute is passed in a field already occupied by an older statute, the new statute will not be held to have repealed by implication the old statute as to crimes already committed at the time the statute is passed. This exception is based upon the presumed intent of the legislature; and

(3)   Where there is an outright repeal and a substantial reenactment, it will be presumed that the legislature did not intend that there should be a remission of crimes not reduced to final judgment.

These three exceptions are recognized in the leading case of *Sekt v. Justice's Court,* 26 Cal. 2d 297, 159 P.2d 17, *cert. denied* 326 U.S. 756 (1945), which is discussed in the two annotations mentioned above.

In *State v. Boyle,* 10 Kan. *113, the opinion emphasized that the application of the common-law rule is a matter of determining the intent of the legislature. At pages *116-17 the court states as follows:

"And we also suppose it will be conceded that if this court can determine from all the statutes that it was the will and intention of the legislature, when they repealed any given statute, that all rights and remedies which had previously accrued thereunder should be saved, it would be our duty to so declare, whether the legislature had made their will and intention known by any express provision in the repealing statute or not."

This court, thus, has the obligation in this case to determine the intent of the city commission of Kansas City when it repealed the old DUI ordinance and enacted the new city ordinance.

It is obvious to us that if there is a special savings clause in the

statute or ordinance, the legislative intent to preserve prosecutions under the former law is clear. If there is no savings clause and there is an *outright repeal* of a crime, and a new crime is not created to take its place, the intent of the legislative body is also clear. Where a new statute or ordinance defining a crime is enacted which is still the same basic crime with the same basic elements and only the penalty is increased, it seems logical to us that, in the absence of some evidence of a contrary intention, the legislative intent is not to abate pending prosecutions. We have concluded that the principles of law set forth in *Sekt v. Justice's Court* are sound and that the rationale of that case should be adopted in this state.

In this case, the offense of DUI as set forth in the new ordinance is essentially the same as the old DUI offense; none of the basic elements of the crime have been changed. The only changes have been to increase the penalties and to modify certain procedural provisions. On the basis of the rationale set forth above, we reverse the district court and remand the case with directions to reinstate the complaint and to proceed with the disposition of the case.

Reversed and remanded.