No. 58,012

STATE OF KANSAS, *Appellee*, v. ALLEN D. ARMSTRONG, *Appellant*.

(712 P.2d 1258)

Opinion filed January 17, 1986.

*Terry Pullman*, deputy public defender, argued the cause, and *Linda .C. McMaster*, assistant public defender, was on the brief for appellant.

*Geary N. Gorup*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal by the defendant, Allen D. Armstrong, from a jury trial conviction on one count of aggravated indecent liberties with a child (K.S.A. 1983 Supp. 21-3504). Defendant Armstrong was originally charged with two counts, each involving an alleged sexual molestation of his ten-year-old daughter. He was acquitted on Count I and convicted on Count II and has appealed that conviction.

Count I of the original complaint charged a lewd touching which allegedly occurred on April 27, 1984, in defendant's motor vehicle. Count II charged defendant with another act which allegedly occurred at the defendant's house on the same day. A

preliminary examination was held on July 10, 1984. After hearing the evidence, the court, upon motion of the prosecution, permitted the information to be amended by interlineation to change the date of the offense alleged in each count to conform with the preliminary hearing evidence. As to Count II, the amendment permitted the prosecution to allege that the incident at defendant's house occurred on or about a period from November 1, 1983, to March 31, 1984. Thereafter, defense counsel filed a motion for a bill of particulars requesting the "exact time and date of the occurrence and its duration," the "exact street address and physical description of the location or locations of the occurrence," and the "particular acts allegedly committed by the defendant which constitute the offense charged." The district court denied the motion for a bill of particulars. The case then proceeded to trial. The defendant's daughter testified as to acts of molestation both in defendant's vehicle and at the defendant's house. The defendant denied participation in any such acts. The jury brought in a verdict in favor of the defendant on Count I and convicted the defendant on Count II, which involved the sexual acts committed at the defendant's house. The defendant appealed.

The first issue raised on the appeal is that the trial court erred in allowing the State to amend the information after preliminary hearing. Any argument in regard to Count I of the information is moot because defendant was acquitted on Count I. As noted above, the amendments as to Count II involved the incident which occurred at defendant's house. The complaint/information originally alleged the crime occurred on April 27, 1984. After the testimony at the preliminary hearing, the complaint was amended to allege that the incident occurred some time between November 1, 1983, and March 31, 1984. On October 15, 1984, defendant filed a notice of alibi defense pursuant to K.S.A. 22-3218 and listed witnesses the defense would call in support of such defense. Defendant objected to the amendment on the basis that he was denied an alibi defense by reason of the amendment. We find no error.

K.S.A. 1984 Supp. 22-3201(4) provides:

"(4) The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced."

In *State v. Osburn,* 216 Kan. 638, 641, 533 P.2d 1229 (1975), this court stated:

"The decisions of this court support the rule that prior to the commencement of the trial the prosecutor should be given a wide discretion in amending the original information. We have consistently held that a trial court may allow an amendment to an information in its discretion both as to form and substance after arraignment and plea before commencement of the trial. (*State v. Morris,* 131 Kan. 282, 291 Pac. 742; *State v. Hobl,* 108 Kan. 261, 194 Pac. 921.) Our cases distinguish between amendments before trial and those which are made during the course of the trial. (*State v. Eye,* 161 Kan. 69, 166 P.2d 572.) In permitting the state to amend an information the courts have been careful to protect the rights of the defendant so that his defense will not be prejudiced by the amendment." 216 Kan. at 641.

In *State v. Wonser,* 217 Kan. 406, 537 P.2d 197 (1975), the defendant was convicted of indecent liberties with a child. The information alleged the crime was committed "sometime during the first part of August 1972." Defendant contended the failure to give a definite date and time for the alleged offense deprived him of his Sixth Amendment constitutional right to know the nature and cause of any accusations brought against him. The court opinion stated:

"This court has held on numerous occasions that the precise time of the commission of an offense need not be stated in the indictment or information. Except where the time is an indispensable ingredient of the offense, it is sufficient if shown to have been within the statute of limitations. (*State v. Bowman,* 106 Kan. 430, 188 Pac. 242; *State v. Freeman,* 143 Kan. 315, 55 P.2d 362; *State v. Thomas,* 177 Kan. 230, 277 P.2d 577.) Time was not an indispensable ingredient of the crime charged and the crime was shown to have been well within the statute of limitations. Time had nothing to do with the nature and cause of the accusation." 217 Kan. at 407.

In *State v. Kilpatrick,* 2 Kan. App. 2d 349, 352, 578 P.2d 1147 (1978), the defendant appealed his two convictions of indecent liberties with a child. Defendant urged error in the information because it failed to specify a particular date, other than December 1975, for one of the incidents. The Court of Appeals relied on *Wonser,* stating that, because time is not an indispensable ingredient of the offense of indecent liberties with a child, the precise time need not be stated in the indictment or information and it is sufficient if it can be shown the time of the offense was within the statute of limitations. In this regard see also *State v. Sisson,* 217 Kan. 475, 536 P.2d 1369 (1975); *State v. Jones* 204 Kan. 719, 466 P.2d 283 (1970); and *State v. Aldrich,* 232 Kan. 783, 658 P.2d 1027, *cert. denied* 462 U.S. 1136 (1983).

Under the factual circumstances in the present case, we have no hesitancy in holding that the amendment of Count II as to the date of the offense did not come as a surprise to defendant and the rights of the defendant were not prejudiced thereby. Here, the State amended the information following the preliminary hearing. The amendment expanded the time span in which the alleged crime occurred from a specific date to a five-month span, November 1, 1983, to March 31, 1984. The amendment was filed July 10, 1984, approximately three months before trial commenced on October 24, 1984, and could not have surprised defendant or prejudiced his substantial rights. Defendant's notice of alibi was filed after the amendment. We hold that the trial court did not err in permitting the amendment to the information.

The defendant's second point raised on the appeal is that the trial court erred in denying defendant's motion for a bill of particulars. In his motion, the defendant requested, among other things, the exact time and date of the occurrence and its duration. This motion was overruled. We hold that the trial court did not err in its ruling. This case is governed by our decision in *State v. Myatt*, 237 Kan. 17, 28-29, 697 P.2d 836 (1985). In that case, this court pointed out that where a prosecution involving indecent liberties with a child does not commence promptly after the alleged commission of an offense or the event is not otherwise brought to the public notice, it is not unusual for uncertainty as to dates to appear, particularly when the memories of children are involved.

The defendant in *Myatt* argued that the denial of a bill of particulars stating the exact time of the offense impaired his ability to prepare an alibi defense. The court in the opinion stated that a bill of particulars would serve no useful purpose. The evidence at the preliminary examination raised the possibility that the offense had occurred in mid-September of 1982. The court quoted from *State v. Hill*, 211 Kan. 287, Syl. ¶ 9, 507 P.2d 342 (1973), which stated:

"When charges in the information are clarified by facts brought out at the preliminary hearing there is no need for amplification by a bill of particulars, absent a showing of surprise or prejudice."

In the present case, we have concluded that a bill of particulars would serve no useful purpose because the State could only

establish an approximate date when the incident occurred. The victim was just eleven years old a month before the preliminary hearing. When describing the incident occurring under Count II, she did not remember the exact date but she did remember it was at the same house where defendant was living in April 1984. The victim's mother testified defendant had lived at that particular address approximately six months before April.

Because time is not an essential element of the offense of indecent liberties with a child and the State could only establish an approximate time for the offense which was brought out at the preliminary hearing, we cannot say that the defendant was surprised at the trial or that his rights were in any way prejudiced. The trial court did not err in overruling the motion for a bill of particulars.

The third point on the appeal is that the trial court erred in its instructions to the jury on aggravated indecent liberties with a child. The elements instruction given by the trial court on Count II required the State to prove the following elements:

"(1) [D]efendant is the parent of [the victim];

"(2) she was not married to defendant;

"(3) she was under 16 years of age;

"(4) there was lewd fondling or touching of the person of either the child or the defendant, or both; done, or submitted to, with the intent to arouse or to satisfy the sexual desires of either the defendant, or the child, or both; and

"(5) these events occurred in Sedgwick County, Kansas.

"The time covered by these claims is approximately November 1, 1983, through March 31, 1984."

Defendant's complaint is that the court did not include time as an element of the defense. The instruction as originally prepared by the court stated as follows:

"5. [T]hese events occurred in Sedgwick County, Kansas, within 2 years before July 10, 1984 (the date the information was filed in this case). The time covered by these claims is approximately November 1, 1983, through March 31, 1984."

During the conference on instructions, defense counsel stated that he agreed with the time stated at the bottom of the instruction but objected to the statement the incident occurred within two years of the date the information was filed. The trial court then removed from paragraph 5 the words "within 2 years before July 10, 1984 (the date the information was filed in this case)."

We find no error. A trial court has discretion in giving instruc-

tions to the jury, and, on appeal, the instructions should be approved if, after being considered in their entirety, they properly and fairly state the law as applied to the facts in the case. *State v. Smith,* 232 Kan. 284, 290, 654 P.2d 929 (1982).

In *State v. Dubish,* 234 Kan. 708, 716, 675 P.2d 877 (1984), it was held that in charging the jury in a criminal case, it is the duty of the trial court to define the offense charged, stating to the jury the essential elements of the crime either in the language of the statute or in appropriate and accurate language of the court. In the present case, the instruction, as given, used the same dates for the crime as those contained in the amended information. Likewise, the testimony from the victim was consistent with the dates contained in the information and instructions. Although the instruction might well have been couched in the language of PIK Crim. 2d 57.08 that the act occurred on or about the dates specified, we cannot say that the trial court erred or that the defendant was in any way prejudiced by the failure to do so.

The final point raised by defendant on the appeal is that the trial court erred in refusing to dismiss the two counts because K.S.A. 1983 Supp. 21-3504, the statute on which the charges were based, was repealed by the 1984 legislature. This argument arises out of certain amendments to the statute covering indecent liberties by a parent with his child which occurred during 1983 and 1984. Prior to July 1, 1983, the most serious offense for which a parent could be charged who lewdly fondled or touched the body of his child under the age of sixteen years was indecent liberties with a child (K.S.A. 21-3503[1][b], a Class C felony. The more serious offense of indecent liberties with a ward under K.S.A. 21-3504 was a Class B felony, if such acts were committed by one in whose charge the child had been entrusted by any official agency acting under color of law, but did not include parents within the prohibited class. (K.S.A. 21-3504 [a], [b]).

In 1983, the legislature amended both of those statutes, effective July 1, 1983, and in doing so, repealed both of the original versions of those laws. The changes found in K.S.A. 1983 Supp. 21-3503 were mainly cosmetic, except for the collateral expansion of the definition of "sexual intercourse" in K.S.A. 1983 Supp. 21-3501(1), which charges were not relevant to the charges against this defendant. However, the change which appeared in K.S.A. 1983 Supp. 21-3504(1)(a) significantly affected this de-

fendant. Effective July 1, 1983, that statute was amended to include parents in the class of individuals punishable for those acts and the offense was made a Class B felony. The crime was titled aggravated indecent liberties with a child.

The crime for which this defendant was convicted occurred between November 1, 1983, and March 31, 1984, while these 1983 enactments were effective. Prior to the defendant's trial, the 1984 legislature amended the statutes. The new version of 21-3504 was changed to delete parents and certain other relatives from prosecution for such prohibited acts after July 1, 1984. The crime of aggravated incest under K.S.A. 1984 Supp. 21-3603(2)(b) was amended to prohibit lewd fondling or touching of a child under the age of eighteen years by certain listed relatives, including a parent. Aggravated incest was made a Class D felony. As noted above, these amendments were made and became effective July 1, 1984, and were in effect at the time the defendant was convicted on October 29, 1984.

Simply stated, prior to July 1, 1983, the crime of indecent liberties with a child by a parent was a Class C felony. From July 1, 1983, to July 1, 1984, during which period the offense was committed in this case, the crime was made a Class B felony. After July 1, 1984, the crime became a Class D felony. The defendant, in effect, requested the court to apply retroactively the 1984 aggravated incest statute because that offense was now only a Class D felony. In other words, the defendant wanted to take advantage of the 1984 amendments.

The rules of construction regarding cases where a criminal statute is repealed and reenacted in modified form after the prohibited act was committed and before final judgment were throughly discussed in *City of Kansas City v. Griffin*, 233 Kan. 685, 664 P.2d 865 (1983). That case holds that the outright repeal of a criminal statute without a savings clause bars prosecutions for violation of the former statute committed prior to repeal. However, repeals by implication are not favored, and where a new statute is passed in a field already occupied by an older statute, the new enactment will not be held to have repealed by implication the old statute as to crimes already committed at the time the new statute is passed. Where there is an outright repeal and a substantial reenactment, it will be presumed that the

legislature did not intend that there should be a remission of crimes not reduced to final judgment.

In *Griffin*, the court construed K.S.A. 77-201 as a general savings statute, preserving all rights and remedies under a repealed statute when the repealing statute is silent as to whether such rights and remedies shall be abrogated or not. The holding in *Griffin* is consistent with prior holdings of this court. See *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980); and *State v. Augustine*, 197 Kan. 207, 210, 416 P.2d 281 (1966), both of which hold, in substance, that ordinarily the criminal statute and penalty in effect at the time the criminal offense was committed is controlling. We hold that the trial court did not err in refusing to dismiss the prosecution against the defendant for indecent liberties with a child because of the statutory changes in 1984.

The judgment of the district court is affirmed.