(980 P.2d 1028)
No. 82,147
In the Matter of S.M.D.

Opinion filed May 14, 1999.

*Cory Riddle*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Wendy A. Wussow*, assistant county attorney, *Ty Kaufman*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., PIERRON, J., and PAUL E. MILLER, District Judge, assigned.

GERNON, J.: S.M.D. appeals from his adjudication as a juvenile offender on the charge of aggravated criminal sodomy and from the court's ruling that the proceeding should be an extended jurisdiction juvenile prosecution.

In April 1998, a juvenile complaint was filed against S.M.D. in McPherson County, alleging that "[o]n or about the 7th day of February, 1998," he caused the victim, then under the age of 14, to engage in sodomy contrary to K.S.A. 21-3506. At the time he was so charged, S.M.D. was 17 years old. The incident allegedly occurred in Inman, Kansas.

Several months later, the State filed a motion to designate the proceedings as an extended jurisdiction juvenile prosecution. The motion alleged that S.M.D. was 17 years old at the time of the offense and that the charge amounted to the adult crime of aggravated criminal sodomy, a severity level 2 offense. The journal entry granting the motion reflected that S.M.D. did not oppose the motion.

On July 2, 1998, S.M.D. filed a notice of alibi, asserting that he had an alibi for the evening of February 7, 1998. In turn, the State identified rebuttal witnesses in response to the notice of alibi.

At trial, the court noted that the criteria were met to trigger the statutory presumption that extended jurisdiction should apply and that it was S.M.D.'s obligation to rebut that presumption. S.M.D. and his attorney stipulated that the presumption applied and that he could not rebut that presumption. The court then granted the motion for extended jurisdiction. At that time, S.M.D. waived his right to a jury trial.

S.M.D. first contends that the trial court committed reversible error by adjudging him guilty of committing the offense sometime during February 1998 rather than on the date referenced in the complaint. S.M.D. essentially argues that he relied on the State's silence after he filed his notice of alibi for February 7, 1998, and that he had no reason to believe the State was contemplating the offense was committed on some other date. S.M.D. contends that

after filing his notice of alibi, the State was obligated to amend the complaint to clarify that it was not limiting its evidence to that showing the crime occurred on February 7, 1998.

The requirements for complaints in juvenile proceedings are set forth in K.S.A. 1998 Supp. 38-1622. A subparagraph of that statute provides that the precise time of the commission of the offense is not required unless time is an indispensable element of the offense. K.S.A. 1998 Supp. 38-1622(a)(4). This language is nearly identical to the language of K.S.A. 1998 Supp. 22-3201(b). Because of the similarity of language, this court has held that the juvenile statute should be construed *in pari materia* with K.S.A. 1998 Supp. 22-3201. *In re J.T.M.*, 22 Kan. App. 2d 673, 676-77, 922 P.2d 1103, *rev. denied* 260 Kan. 993 (1996). In *In re J.T.M.*, this court ruled that a juvenile complaint could be amended in the same manner as a complaint in a criminal proceeding even though the juvenile statute did not specifically provide for amendments. 22 Kan. App. 2d at 677.

In the same manner, K.S.A. 1998 Supp. 38-1622 does not provide a remedy for situations where ambiguities in the complaint make it difficult for an alleged offender to prepare his or her defense. However, K.S.A. 1998 Supp. 22-3201(f) provides that a defendant in a criminal proceeding may request a bill of particulars, clarifying the details necessary for a defendant to prepare a defense to the charge. When a bill of particulars is ordered, the State's evidence is confined to those details provided. K.S.A. 1998 Supp. 22-3201(f). Based on the reasoning of *In re J.T.M.*, the opportunity for a juvenile offender to request a bill of particulars in order to prepare a defense should be implied under the Juvenile Offenders Code.

In this case, S.M.D. provided a notice of alibi as provided in K.S.A. 1998 Supp. 38-1623; the notice indicated that S.M.D. was identifying an alibi for February 7, 1998. Similarly, criminal procedure statutes require a defendant to provide a notice of alibi before trial. K.S.A. 22-3218(2). Again, the criminal statute creates a procedure permitting a defendant to apply to the court for an order requiring the prosecutor to amend the complaint to include more details or for a bill of particulars in order for the defendant

to file a timely notice of alibi. K.S.A. 22-3218(3). Again, while K.S.A. 1998 Supp. 38-1623 provides no explicit right for an offender to seek a bill of particulars, that remedy should be implied by construing the two statutes together. See *In re J.T.M.*, 22 Kan. App. 2d at 676-77.

Kansas cases dealing with the obligation of defendants to seek a bill of particulars when they claim the absence of or vagueness in the allegations in the complaint impairs their ability to prepare a defense include *State v. Webber*, 260 Kan. 263, 284-85, 918 P.2d 609 (1996), *cert. denied* 519 U.S. 1090 (1997); *State v. Armstrong*, 238 Kan. 559, 562, 712 P.2d 1258 (1986); *State v. Myatt*, 237 Kan. 17, 28-29, 697 P.2d 836 (1985); *State v. Jones*, 204 Kan. 719, 724-25, 466 P.2d 283 (1970); and *State v. Miesbauer*, 3 Kan. App. 2d 53, 55-56, 588 P.2d 953 (1979).

The common threads running through these cases are that: (1) The burden is on a defendant to seek a bill of particulars; (2) uncertainties as to the dates are common; (3) a defendant must object at trial if he or she believes a bill of particulars is inadequate; and (4) the appellate courts will examine whether the defendant was surprised by an amendment or a charge and deprived of the opportunity to defend.

Here, S.M.D. is essentially asking that the State be required to file a bill of particulars automatically anytime an alibi defense is raised. However, the legislature and our courts have clearly placed the burden on a defendant to make such a request; only the person charged is capable of determining whether additional details are necessary to present his or her defense.

Here, S.M.D. took no action to obtain a bill of particulars and pin down the State to a specified period or date in order to prepare his defense. He did not object during the presentation of the evidence which went beyond the date in the complaint, nor did he request a continuance.

S.M.D. also argues the district court erred in finding the proceeding should be designated as an extended jurisdiction juvenile prosecution. His contention is two-fold. First, he contends that the district court should have specifically considered the statutory factors set forth in K.S.A. 1998 Supp. 38-1636(e). Second, he com-

plains that the district court had failed to comply with K.S.A. 1998 Supp. 38-1636(f)(3), which required the court to adopt local rules for extended jurisdiction juvenile proceedings. S.M.D. contends that both of these lapses violated fundamental fairness and due process.

It must first be noted that S.M.D. raised neither of these issues before the trial court. The State filed its motion to designate the proceedings well in advance of the trial date, so S.M.D. and his attorney had ample opportunity to prepare to address the propriety of such a designation. Because of some confusion by S.M.D.'s attorney at the time the State's motion was heard, the court gave the parties a recess to review the statutes and confer about their options. At trial, S.M.D. and his attorney stipulated that under K.S.A. 1998 Supp. 38-1636(b), the presumption that the case should be an extended jurisdiction juvenile proceeding applied and further stipulated that they could not overcome the presumption. S.M.D. did not object to either the lack of local rules or the trial court's failure to address the specific statutory factors at the trial or in his post-adjudication motion for new trial. Therefore, these issues were not raised before the trial court.

The well-established general rule of appellate practice is that an issue not raised before the trial court will not be considered for the first time on appeal. *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998). However, this rule is not without exception. Our courts have been willing to address issues not raised below where the issue involves a question of law to be determined on proven facts, or if justice requires consideration of the new issue, or if such consideration is necessary to prevent the denial of fundamental rights. *Jarboe v. Board of Sedgwick County Comm'rs*, 262 Kan. 615, 622-23, 938 P.2d 1293 (1997).

In reading K.S.A. 1998 Supp. 38-1636, it does not appear that the legislature intended to require the courts to consider the statutory factors when a respondent stipulates that he or she cannot rebut the presumption. Another subsection of that statute provides:

"The court may designate the proceeding as an extended jurisdiction juvenile prosecution upon completion of the hearing *if the respondent has failed to rebut the presumption* or the court finds that there is substantial evidence that the

respondent should be prosecuted under an extended jurisdiction juvenile prosecution." (Emphasis added.) K.S.A. 1998 Supp. 38-1636(f)(2).

By stipulating that he could not rebut the presumption, S.M.D. cannot complain on appeal that the trial court erred in not evaluating the statutory factors to find *sua sponte* that the presumption was rebutted. As noted in another context, " 'to avoid a directed verdict as to the presumed fact, the party adversely affected by the presumption *must offer sufficient evidence* to permit a rational factfinder to find the nonexistence of the presumed fact. . . .' " (Emphasis added.) *In re L.D.B.*, 20 Kan. App. 2d 643, 647, 891 P.2d 468 (1995) (quoting 29 Am. Jur. 2d, Evidence § 199) (discussing presumption of unfitness in termination of parental rights proceeding).

Finally, S.M.D. argues that the procedures were fundamentally unfair because the district court had failed to establish local rules of procedure for extended jurisdiction juvenile proceedings as required by the statute. S.M.D. fails to explain, however, how he was prejudiced by the lack of local procedural rules. The State filed its motion several months in advance of the trial, so S.M.D. had ample opportunity to prepare a defense to extended jurisdiction or to request local rules be established. "[E]rrors that do not affirmatively cause prejudice to the substantial rights of the complaining party do not require reversal when substantial justice has been done." *State v. Clark*, 263 Kan. 370, 376, 949 P.2d 1099 (1997).

Affirmed.